UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
SAMUEL D. ISALY,

        Plaintiff,

  -against-

BOSTON GLOBE MEDIA PARTNERS LLC,

        Defendant.

------------------------------------------------------- X

22-CV-02254 (LTS)

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL HISTORY............................................................................................................ 2

    A.    The *Isaly I* Action .................................................................................................. 2

    B.    The State Court Action ........................................................................................... 3

    C.    This Action.............................................................................................................. 3

ARGUMENT .................................................................................................................................. 8

    A.    Dismissal Is Appropriate Under the Doctrine of Res Judicata ............................... 9

        1.    The Dismissal of *Isaly I* Was an Adjudication On the Merits ................... 9

        2.    *Isaly I* Involved the Same Parties.............................................................. 10

        3.    The Claims Asserted in This Action Were Raised or Could Have Been Raised in *Isaly I* ............................................................................... 11

    B.    This Action Is Barred by the Applicable Statute of Limitations .......................... 11

    C.    The Complaint Fails to State a Claim .................................................................. 14

CONCLUSION............................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*175 E. 74th Corp. v. Hartford Acc. & Indem. Co.*,
  51 N.Y.2d 585, 416 N.E.2d 584 (1980)...................................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).....................................................................................................................8

*Biro v. Conde Nast*,
  883 F. Supp. 2d 441 (S.D.N.Y. 2012).........................................................................................9

*Blank v. Miller*,
  122 A.D.2d 356, 504 N.Y.S.2d 580 (1986) ..............................................................................13

*Catalanello v. Kramer*,
  18 F. Supp. 3d 504 (S.D.N.Y. 2014)...........................................................................................9

*Chapadeau*, 38 N.Y.2d at 199 ........................................................................................................9

*Coleman v. Grand*,
  No. 18-CV-05663 (ENV) (RLM), 2021 WL 768167 (E.D.N.Y. Feb. 26, 2021) ....................14

*Diffley v. Allied-Signal, Inc.*,
  921 F.2d 421 (2d Cir. 1990).......................................................................................................12

*Ellul v. Congregation of Christian Bros.*,
  774 F.3d 791 (2d Cir. 2014).........................................................................................................8

*Flynn v. Sinclair Oil Corp.*,
  20 A.D.2d 636, 246 N.Y.S.2d 360, aff'd, 14 N.Y.2d 853, 200 N.E.2d 633
  (1964) ........................................................................................................................................14

*Gerrity v. Chapin*,
  No. 79 CIV. 2393, 1980 WL 1364 (S.D.N.Y. Jan. 9, 1980).....................................................11

*Isaly v. Boston Globe Media Partners, LLC*,
  No. 18CV9620 (LTS) (GWG), 2020 WL 5659430 (S.D.N.Y. Sept. 23, 2020) .........................1

*Isaly v. Boston Globe Media Partners, LLC*,
  No. 18CV9620 (LTS) (GWG), 2021 WL 1947737 (S.D.N.Y. May 13, 2021) .....................1, 2

*Isaly v. Boston Globe Media Partners, LLC*,
  No. 21-1330-CV, 2022 WL 121283 (2d Cir. January 13, 2022).................................... *passim*

*Jordan v. Bates Advertising Holdings, Inc.*,
　292 A.D.2d 205 (1st Dep't 2002) ........................................................................................13

*Karaduman v. Newsday, Inc.*,
　51 N.Y.2d 531 (1980) ..........................................................................................................9

*LFMG-S&B, LLC v. Fortress Credit Corp.*,
　No. 11 CIV. 4260 LGS, 2015 WL 1027805 (S.D.N.Y. Mar. 6, 2015) ....................................10

*Linton v. Perry Knitting Co.*,
　295 N.Y. 14, 64 N.E.2d 270 (1945) ....................................................................................13

*Luv N' Care, Ltd. v. Shiboleth LLP*,
　No. 16-CV-3179 (AJN), 2017 WL 3671039 (S.D.N.Y. Aug. 8, 2017) ..................................12

*Magi XXI, Inc. v. Stato Della Cit22a Del Vaticano*,
　22 F. Supp. 3d 195 (E.D.N.Y. 2014) ...................................................................................11

*McCarroll v. U.S. Fed. Bureau of Prisons*,
　No. 3:11-CV-934 VLB, 2012 WL 3940346 (D. Conn. Sept. 10, 2012) ................................11

*Monahan v. N.Y.C. Dep't of Corr.*,
　214 F.3d 275 (2d Cir. 2000) .................................................................................................9

*Papa v. Burrows*,
　186 A.D.2d 375, 588 N.Y.S.2d 171 (1992) ...................................................................13, 14

*Rosenthal A.G. v. Rosenthal*,
　No. 96 CIV. 8093 (WK), 1998 WL 698275 (S.D.N.Y. Oct. 7, 1998) ....................................10

*Sadler v. Brown*,
　793 F. Supp. 87 (S.D.N.Y. 1992) ........................................................................................10

*Samuel D. Isaly v. Damian Garde and Delilah Burke*,
　New York Supreme Court, Index No. 160699/2018 ..........................................................2, 3

*Sorge v. Parade Publ'ns, Inc.*,
　20 A.D.2d 338 (1st Dep't 1964) ..........................................................................................12

*Spoleto Corp. v. Ethiopian Airlines Grp.*,
　No. 21 CIV. 5407 (PAE), 2022 WL 329265 (S.D.N.Y. Feb. 3, 2022) (*res
　judicata*) ..............................................................................................................................9

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
　547 F.3d 406 (2d Cir. 2008) .................................................................................................8

*Sweigert v. Goodman*,
　No. 118CV08653VECSDA, 2021 WL 1578097 (S.D.N.Y. Apr. 22, 2021) ..........................14

*Thompson v. Cnty. of Franklin*,
    15 F.3d 245 (2d Cir. 1994) ............................................................................................... 8

*Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*,
    93 N.Y.2d 375 (1999) ..................................................................................................... 13

**Statutes**

N.Y. Civil Rights Law 70-a ................................................................................................. 14

N.Y. Civil Rights Law 76-a ................................................................................................. 14

N.Y. Civil Rights Law §§ 70-a, 76-a ..................................................................................... 3

**Other Authorities**

CPLR 205(a) ................................................................................................................. 12, 14

CPLR 215(3) ....................................................................................................................... 12

CPLR 3211 .......................................................................................................................... 13

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 8, 9, 12

Federal Rule of Civil Procedure 41(b) ............................................................................... 10

Siegel, *N.Y. Prac.* § 276 ...................................................................................................... 13

Defendant Boston Globe Media Partners, LLC (the "Boston Globe" or the "Globe"), by its attorneys, respectfully submits this memorandum of law in support of its motion to dismiss with prejudice the Complaint of Plaintiff Samuel D. Isaly ("Plaintiff" or "Isaly").

## PRELIMINARY STATEMENT

"Plaintiff Samuel Isaly ('Plaintiff') brings this defamation action against Defendant Boston Globe Media Partners LLC ('Defendant'), asserting that he was defamed by statements in an article published by Defendant in STAT, an online news website, on December 5, 2017" (the "Article"). *Isaly v. Boston Globe Media Partners, LLC*, No. 18CV9620 (LTS) (GWG), 2020 WL 5659430, at *1 (S.D.N.Y. Sept. 23, 2020).

This description of the case is taken from the Court's Memorandum and Order dismissing Isaly's first libel suit against the Globe. *Id.* ("*Isaly I*"). It equally applies to this case in which Isaly again asserts that he was defamed by statements in the same December 5, 2017 Globe Article—claims thoroughly considered and decisively rejected in the Court's September 30, 2020, Memorandum and Order dismissing Isaly's first Complaint; the Court's May 13, 2021, Memorandum and Order denying Isaly's Motion to Alter or Amend or for Reconsideration; and the January 13, 2022 decision of the Court of Appeals for the Second Circuit affirming this Court's rulings and judgment. *See Isaly I*, 2020 WL 5659430 (granting motion to dismiss); *Isaly v. Boston Globe Media Partners, LLC*, No. 18CV9620 (LTS) (GWG), 2021 WL 1947737 (S.D.N.Y. May 13, 2021) (denying motion for reconsideration); *Isaly v. Boston Globe Media Partners, LLC*, No. 21-1330-CV, 2022 WL 121283 (2d Cir. January 13, 2022) (affirming the Court's judgment).

As shown below, the complaint in this case should be summarily dismissed on at least three independent grounds:

1. Isaly's attempt to twice bring the same libel action against the same defendant based upon the same article is barred by the doctrine of *res judicata*.

2. The instant action, filed over four years after the Article was published, is time-barred under New York Law.

3. The complaint fails to state a claim for the same reasons this Court dismissed the complaint in *Isaly I,* and the reasons that judgment was affirmed by the Second Circuit.

## PROCEDURAL HISTORY

### A. The *Isaly I* Action

Isaly's first defamation suit based on the Article at issue was filed in this Court on October 19, 201h8, and named as defendants the Globe and Globe reporter Damian Garde ("Garde"). *See Isaly I*, Dkt. 1. Shortly thereafter, Isaly learned that Garde was a citizen of New York, and that diversity jurisdiction therefore did not exist. Isaly then made a strategic decision to pursue his defamation claim against the Globe in federal court while simultaneously pursuing a separate defamation case against Garde in New York State Court. He did so by (i) voluntarily dismissing Garde as a defendant in *Isaly I*, *id.* Dkt. 11; (ii) amending his complaint in *Isaly I* to name the Globe as the sole defendant, *id.* Dkt. 12; and (iii) filing a new state court defamation action against Garde and Delilah Burke, Isaly's former assistant who was quoted in the article. *See Samuel D. Isaly v. Damian Garde and Delilah Burke*, New York Supreme Court, Index No. 160699/2018 (the "State Court Action").

After Isaly split his claims between federal and state court, the Globe moved for judgment on the pleadings in the federal case. *Isaly I*, Dkts. 19, 21. Isaly responded by filing a second amended complaint. *Id.*, Dkts. 30, 32. The Globe then moved to dismiss the second amended complaint for failure to state a claim. As noted above, in rulings affirmed by the Second Circuit, the Court granted the motion to dismiss, entered judgment thereon, and then denied Isaly's motion to alter or amend or for reconsideration of the judgment. *Isaly I*, Dkts. 72, 73, 84; *Isaly*, 2021 WL 1947737 (*Isaly I* Dkt. 84); *Isaly 3*, 2022 WL 121283.

### B. The State Court Action

Isaly's State Court Action was filed on November 16, 2018, and was based on allegedly defamatory statements made by Garde and Burke in the Article. State Court Action Dkt. 1. On February 8, 2019, after Garde moved to dismiss, Isaly filed an amended State Court complaint. *Id.* Dkts. 11, 22. In March 2019, both Garde and Burke moved to dismiss the amended complaint. State Court Action Dkts. 34, 44. Those motions remain pending before the State Court, which has received supplemental briefing concerning the 2020 amendments to New York's anti-SLAPP law, N.Y. Civil Rights Law §§ 70-a, 76-a, and the collateral estoppel and/or *res judicata* effect of this Court's dismissal of the *Isaly I* Action. State Court Action Dkts. 91, 92, 99, 100, 105, 107, 113, 114.

### C. This Action

Isaly originally filed this action in State Court on March 2, 2022. Dkt. 1-1. On March 18, 2022, the Globe removed the case to this Court based on diversity of citizenship of the parties. Dkt. 1.

Like its predecessor, the Complaint here alleges a single cause of action for defamation arising out of the Article. *Compare Isaly I* Dkt. 32 ¶¶ 18-29 *with* Dkt. 1-1 ¶¶ 77-83. As the chart below demonstrates, the material allegations of both Complaints are identical.[1]

---

[1] All emphasis in the chart is added.

| 2018 Action (Dkt. 32) | This Action (Dkt. 1-1) |
|---|---|
| This is an **action for defamation of character and injury** to the personal and professional reputation of Plaintiff Samuel D. Isaly caused by Defendant's publication of an article on December 5, 2017 (the "Article") in STAT, an online "magazine." The headline and first paragraph of the Article immediately and unmistakably conveyed its explicitly defamatory characterization of Plaintiff . . . ¶ 1 | This is an **action for defamation of character and injury** to the personal and professional reputation of Plaintiff Samuel D. Isaly caused by Defendant BGMP's[2] publication of an article on December 5, 2017 (the "Article") in STAT, an online "magazine." The headline and first paragraph of the Article immediately and unmistakably conveyed its explicitly defamatory characterization of Plaintiff. . . ¶ 1 |
| From its click-bait headline to its tabloid-like opening, the Article makes it clear that its purpose is to strip Plaintiff of his well-deserved and hard-earned reputation. . . The Article has already resulted in **massive damage to Plaintiff's: (a) professional life; (b) business interests; (c) status in the business he founded**—the field of healthcare (including biotech) investment; and (d) investments in that sector. The Article has likewise **caused extreme emotional distress, humiliation, and disruption of Plaintiff's personal life and relationships**. ¶ 2 | With its click-bait headline and its tabloid-like opening, the Article stripped Plaintiff of his well-deserved and hard-earned reputation developed over decades . . . The Article has already resulted in **massive damage to Plaintiff's: (a) professional life; (b) business interests; (c) status in the business he founded**—the field of healthcare (including biotech) investment; and (d) investments in that sector. The Article has likewise **caused extreme emotional distress, humiliation and disruption of Plaintiff's personal life and relationships**. ¶ 2 |
| As this Complaint will demonstrate, the defamatory accusations of the Article are **false and were published with reckless disregard for whether they were true or false**. . . . **Plaintiff comes to this Court to obtain the remediation that an action for defamation provides**: vindication of his hard-won, excellent personal and professional reputation, and an award of compensatory and punitive damages to compensate him for the injuries inflicted by Defendant. ¶ 3 | As this Complaint will demonstrate, the thinly and ambiguously sourced accusations of workplace sexual misconduct in the Article are **false, and Defendant, with full awareness of their reputation-destroying character, published them with knowledge of their probable falsity, or at a minimum, reckless disregard for whether they were true or false**, . . . **Plaintiff comes to this Court to obtain the remediation that an action for defamation provides**: vindication of his hard-won, excellent personal and professional reputation, and an award of compensatory and punitive damages to compensate him for the injuries inflicted by Defendant. ¶ 3 |

---

[2] Isaly's submissions in both *Isaly I* and in this case refer to the Globe as "BGMP."

4

| 2018 Action (Dkt. 32) | This Action (Dkt. 1-1) |
|---|---|
| In combination, and in the context of the headline, **the statements and their implications created in the minds of reasonable readers a shocking and demeaning portrait** of a man who, until that publication, was a revered and respected figure in the field of investing, particularly in healthcare and biotech, and admired for his successful efforts to overcome physical disabilities from which he has suffered since high school. ¶ 11 | Individually, and in combination, especially in the context of the headline, **the statements above created in the minds of reasonable readers a shocking and demeaning portrait** of a man who, until that publication, was a revered and respected figure in the field of healthcare investing, despite the severe physical disabilities from which he has suffered since high school. ¶ 17 |
| **Whatever imagery appeared on his personal computer monitor, or the two Bloomberg financial service monitors in Plaintiff's office, was the result of Burke's operation of their controls, not Plaintiff's**. ¶ 12 | **Whatever imagery appeared on his personal computer monitor was the result of Burke's operation of their controls, not Plaintiff's.** ¶ 53 |
| Also contributing to BGMP's irresponsibility in publishing Burke's accusations is that Garde **never inquired during his December 4 interview at OrbiMed about the circumstances of Burke's departure**, despite Burke being Garde's only on-the-record source for the Article's defamatory accusations. ¶ 16 | Also contributing to Garde's actual malice, recklessness, and irresponsibility in publishing Burke's accusations is that he **never inquired about the circumstances of Burke's departure**, despite Burke being Garde's sole on-the-record source for the Article's most defamatory and most specific accusations. ¶ 63 |
| Further contributing to the irresponsibility of BGMP's decision to publish the scandalous allegations are both: (a) the nature of the allegations; and (b) their ubiquity and essential permanence in the Internet era. That is, these qualities of the allegations made it **particularly irresponsible to publish them without attempting to dig deeper into the subjective quality of such obviously damaging allegations**, and in spite of what were at minimum reasonable and obvious doubts about the accusations which BGMP should have been aware of … ¶ 17 | Further evidence of the recklessness and irresponsibility of Defendant's decision to publish are both: (a) the nature of the allegations; and (b) their easily foreseeable traction in the #MeToo era and essential permanent availability on the Internet. That subject matter made it **particularly reckless to publish without attempting to dig deeper into the subjective quality of such obviously damaging allegations**, and in spite of what were profound reasons to doubt them. ¶ 64 |

5

| 2018 Action (Dkt. 32) | This Action (Dkt. 1-1) |
|---|---|
| These false allegations **disrupted and damaged Plaintiff's relationships with his colleagues at OrbiMed and negatively impacted his personal financial interests in OrbiMed**. They have also caused **severe emotional and physical distress** to Plaintiff as he sees the investment management business he founded and built with his colleagues tarred with the brush of false allegations of workplace abuse and harassment of women which, in today's #MeToo culture, **produces instant ignominy, humiliation, and irreparable injury**. ¶ 20 | These false allegations **disrupted and damaged Plaintiff's relationships with his colleagues at OrbiMed and seriously impacted his personal financial interests in OrbiMed**. They have also caused **severe emotional and physical distress** to Plaintiff as he sees the investment management business he founded and built with his colleagues tarred with the brush of false allegations of workplace abuse and harassment of women which, in today's #MeToo culture, **produces instant ignominy, humiliation, and irreparable injury**. ¶ 75 |
| Plaintiff has been **severely damaged by Defendant's actions** alleged above which have had destructive effects on Plaintiffs personal and professional reputation, his emotional and psychological well-being, and his business relationships and investments in the healthcare and biotech sectors. He respectfully requests remediation in the form of monetary damages and injunctive relief. ¶ 29 | Plaintiff has been **severely damaged by Defendant's actions** alleged above which have had destructive effects on Plaintiff's personal and professional reputation, his emotional and psychological well-being, and his business relationships and investments in the healthcare and biotech sectors, thereby entitling Plaintiff to an award of monetary damages. ¶ 82 |

The Complaint also revisits arguments Isaly unsuccessfully made in opposing the Globe's motion to dismiss, in moving for reconsideration of the Court's judgment in *Isaly I* and on appeal. *Compare* Complaint, ¶¶ 19-22 (alleging that the "most damaging of all" of the statements was that Isaly "would embed pornographic images" in emails to his assistant) to *Isaly I*, Dkt. 77 at 5 (Motion for Reconsideration) ("While the Complaint identifies multiple defamatory statements in the Article, one in particular wreaks enormous havoc on Mr. Isaly's reputation: its accusation that, in 2009, on an almost daily basis Mr. Isaly sent pornographic videos to his assistant—embedded in emails."); *id.* at 15 ("the allegation that Mr. Isaly emailed pornographic videos on an almost daily

6

basis and engaged in such misconduct through texts sent 'on nights and weekends' were the most serious allegations leveled against Mr. Isaly").

The Complaint also repeats the familiar claim that the Article falsely portrayed Isaly's disability as paraplegia rather than quadriplegia, such as by reporting that Isaly sent text messages to Burke on nights and weekends. *See, e.g.*, Complaint, ¶¶ 24, 52, 68-70. *Compare Isaly I*, Dkt. 77 at 9 (Motion for Reconsideration) ("BGMP's misrepresentation reveals in plain sight that it did not do the necessary investigation into whether Mr. Isaly was even physically capable of undertaking the behaviors that are the subject of the most damning allegations against him, again either because BGMP's reporter did not understand the nature of Mr. Isaly's disability—quadriplegia versus paraplegia—which would be an astounding miscarriage of journalistic responsibilities, or because the true nature of Mr. Isaly's disability was inconvenient for the story BGMP was determined to publish."); *id.* at 15 ("the publisher of the Article acted grossly irresponsibly by misrepresenting the extent of his ability to perform those tasks by describing him as paraplegic unable to use his legs instead of as the quadriplegic that he is who has extremely limited ability to use his hands").

Isaly made the same arguments before the Second Circuit, where they fared no better. *See* 2022 WL 121283, at *1 ("The reality of Isaly's physical condition and the level of support he receives, as observed by Garde during the interview, do not undermine the allegations made in the article. Isaly has therefore not sufficiently alleged that BGMP acted in a grossly irresponsible manner by publishing Garde's story."); *id.* at *1 n.2 ("Isaly also argues that the article misrepresented his physical condition by describing him as 'partially paralyzed,' … and 'without the use of his legs,' …, and that these misrepresentations alone establish BGMP's gross irresponsibility. Even assuming that such a misrepresentation could establish gross

7

irresponsibility, this argument is contradicted by the allegations of the SAC and the interview transcript.") (citations omitted); *id.* at *2 ("Isaly pleads no facts that cast doubt on the reliability of Garde's anonymous sources or that call into question the article's assertion that each was first contacted by Garde and interviewed separately.").

As shown below, having already obtained a full and fair adjudication of his claims before this Court and the Second Circuit, Isaly's attempt to obtain a "do-over" is without merit and warrants the dismissal with prejudice of the Complaint.

## ARGUMENT

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Challenges to a complaint based on *res judicata* and the statute of limitations are properly raised on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); *Ellul v. Congregation of Christian Bros.,* 774 F.3d 791, 798 n.12 (2d Cir. 2014) ("Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint."). In considering a motion to dismiss based on *res judicata* or statute of limitations grounds, a court is permitted to take judicial notice of complaints and other documents filed in federal court. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424

(2d Cir. 2008) (statute of limitations); *Spoleto Corp. v. Ethiopian Airlines Grp.,* No. 21 CIV. 5407 (PAE), 2022 WL 329265, at *5 (S.D.N.Y. Feb. 3, 2022) (*res judicata*).³

      A.    **Dismissal Is Appropriate Under the Doctrine of *Res Judicata***

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal citation and quotation marks omitted).  For *res judicata* to apply, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (internal citations omitted).

      1.    **The Dismissal of *Isaly I* Was an Adjudication On the Merits.**

Isaly's 2018 action was dismissed following the Globe's filing of a Rule 12(b)(6) motion to dismiss.  The Globe argued, *inter alia*, that Isaly failed to adequately plead that the Globe's publication of the Article was "grossly irresponsible," as required by New York law.  *Isaly I*, Dkt. 40 at 13-27; *see generally Chapadeau*, 38 N.Y.2d at 199; *Biro*, 883 F. Supp. 2d at 441.  This Court, after "review[ing] all of the parties' submissions carefully," held that Isaly had "not alleged facts from which a fact finder could properly infer that Defendant was grossly irresponsible in its reporting" and dismissed the complaint.  *Isaly I*, Dkt. 72 at 14; *see also id.* at 11-15.

---

³ "[T]here is 'particular value' in resolving defamation claims at the pleading stage, 'so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.'"  *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) (quoting *Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 379 (1995)); *Catalanello v. Kramer*, 18 F. Supp. 3d 504, 511 (S.D.N.Y. 2014) (same); *see also Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 545 (1980) ("[t]he threat of being put to the defense of a lawsuit . . . may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself") (quoting *Wash. Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966)).

9

The dismissal of *Isaly I* was an adjudication on the merits satisfying the first element of *res judicata* doctrine. Federal Rule of Civil Procedure 41(b) provides that dismissals upon motion by a defendant are presumed to be adjudications on the merits, unless the decision explicitly states otherwise:

> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

*See Sadler v. Brown*, 793 F. Supp. 87, 90 (S.D.N.Y. 1992) ("Rule 41(b) of the Federal Rules of Civil Procedure provides that a dismissal of an action upon a motion by the defendant, unless otherwise specified by the court dismissing the action, shall constitute an adjudication on the merits."); *Rosenthal A.G. v. Rosenthal*, No. 96 CIV. 8093 (WK), 1998 WL 698275, at *2 (S.D.N.Y. Oct. 7, 1998) ("Granting a Rule 12(c) motion constitutes entry of judgment and operates as an adjudication on the merits.").

The Globe's motion to dismiss sought dismissal with prejudice (Dkt. 40 at 25 & n.12; Dkt. 59 at 10). This Court's opinion and judgment contained no indication that it was without prejudice and thus not a dismissal on the merits. *Isaly I*, Dkts. 72, 73. The dismissal was therefore on the merits for *res judicata* purposes.

### 2. *Isaly I* Involved the Same Parties.

Because the parties to both cases are identical, Isaly cannot dispute that this element of *res judicata* is met. The parties. *LFMG-S&B, LLC v. Fortress Credit Corp.*, No. 11 CIV. 4260 LGS, 2015 WL 1027805, at *3 (S.D.N.Y. Mar. 6, 2015) (second element of *res judicata* clearly met where plaintiff in action was also the plaintiff in prior action).

10

### 3. The Claims Asserted in This Action Were Raised or Could Have Been Raised in *Isaly I*.

There is no material difference between the factual allegations and legal theories in *Isaly I* and the allegations and legal theories of the Complaint in this case, all of which were known by or available to Isaly since December 2017. Isaly simply sued the same defendant for defamation based on the same Article, again claiming that it was physically impossible for the Article to be true. These are the same arguments considered and rejected by this Court in granting the Globe's motion to dismiss and denying Isaly's motion for reconsideration. They were later considered and rejected by the Second Circuit.

The principle that litigants are entitled to their day in court is fundamental to the civil justice system. Isaly claims to be due much more than that. But there is no exception to the doctrine of *res judicata* for litigants who refuse to accept an adverse judgment or believe that they are entitled to file perseverative complaints seeking the same relief based on the same claim against the same defendant over and over again. Because all three elements of *res judicata* are met, the Complaint should be dismissed.[4]

### B. This Action Is Barred by the Applicable Statute of Limitations

Apart from *res judicata*, the Complaint should be dismissed on the independent ground that Isaly's claim is barred by New York's one-year statute of limitations for defamation cases.

---

[4] *See Magi XXI, Inc. v. Stato Della Cit22a Del Vaticano*, 22 F. Supp. 3d 195, 205 (E.D.N.Y. 2014) ("the fahcts essential to the barred second suit need not be the same as the facts that were necessary to the first suit. It is instead enough that the facts *essential to the second* were [already] present in the first") (internal citation and quotation marks omitted). *Gerrity v. Chapin*, No. 79 CIV. 2393, 1980 WL 1364, at *5 (S.D.N.Y. Jan. 9, 1980) ("[R]aising additional facts or legal theories in this subsequent litigation is insufficient to avoid the bar of res judicata."); *McCarroll v. U.S. Fed. Bureau of Prisons*, No. 3:11-CV-934 VLB, 2012 WL 3940346, at *7 (D. Conn. Sept. 10, 2012) ("'newly' added claims or allegations based upon different legal theories in the current action are barred because they arise from the same occurrence of Plaintiff's prior claims"); *Magi XXI, Inc.*, 22 F. Supp. 3d at 205 ("[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of *res judicata*") (internal citation omitted).

11

*See* CPLR 215(3). In diversity cases such as this one, "state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (internal quotation marks and citation omitted); *see also Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16-CV-3179 (AJN), 2017 WL 3671039, at *5 (S.D.N.Y. Aug. 8, 2017).

As noted, New York's statute of limitations for defamation actions is one year from the date of publication of the alleged defamatory statement. CPLR 215(3); *Sorge v. Parade Publ'ns, Inc.*, 20 A.D.2d 338, 339 (1st Dep't 1964). The Article was first published on December 5, 2017, and thus Isaly's claim for defamation based upon the Article expired on December 5, 2018. Isaly timely commenced *Isaly I* in October 2018, but the pendency of that action did not toll the statute of limitations that governs this action, filed more than four years after the Article was published.

This conclusion is underscored by New York's "savings statute," CPLR 205(a), which provides in relevant part:

> If an action is timely commenced and is terminated in *any other manner* than by a ... a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. (Emphasis added.)

The dismissal of *Isaly I* under Rule 12(b)(6) is a "final judgment upon the merits" for purposes of CPLR 205(a), rendering the savings statute irrelevant to the limitations analysis. As acknowledged by the New York Court of Appeals, "[t]he proviso in CPLR 205 (a) that the toll is inapplicable when the prior action was dismissed on the merits is essentially a corollary of the principle of *res judicata* that 'once a claim is brought to *a final conclusion,* all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories

or if seeking a different remedy.'" *Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999) (emphasis added).

Under New York law, a plaintiff cannot avoid this outcome by filing a second action that fails to correct the defects that resulted in dismissal of the prior action for failure to state a cause of action. *See Jordan v. Bates Advertising Holdings, Inc.*, 292 A.D.2d 205, 206 (1st Dep't 2002) (whether a federal judgment should be considered on the merits turns on whether the federal court explicitly dismissed the case without prejudice.). *See also See Linton v. Perry Knitting Co.*, 295 N.Y. 14, 17, 64 N.E.2d 270 (1945) ("Such a determination, whether right or wrong, is a bar to another action for the same cause, unless the defects or omissions adjudged to be present in the one action are corrected or supplied by the pleadings in the other[.]"); *175 E. 74th Corp. v. Hartford Acc. & Indem. Co.*, 51 N.Y.2d 585, 590, 416 N.E.2d 584 (1980) ("The motion in the first action was directed at the pleading, attacking the sufficiency of the complaint as stating a cause of action. A dismissal on such motion has preclusive effect only as to a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint[.]"); *Blank v. Miller*, 122 A.D.2d 356, 358, 504 N.Y.S.2d 580, 582 (1986) ("Although dismissal of a complaint under CPLR 3211 for legal insufficiency is not res judicata on the entire merits of a case, it is preclusive of a subsequent complaint which is virtually identical to the one previously dismissed[.]"); *see generally* Siegel, *N.Y. Prac.* § 276, Res Judicata Effect of CPLR 3211 Disposition (6th ed.) ("If the first-round dismissal was under subdivision (a)(7) for a mere pleading deficiency in the cause of action, a new action with a complaint identical to the first will be barred by res judicata[.]").[5]

---

[5] *See generally Papa v. Burrows*, 186 A.D.2d 375, 588 N.Y.S.2d 171 (1992) ("Even assuming that the denial of leave to replead is not, in itself, absent an express indication that the dismissal is 'with prejudice', sufficient to bar a second complaint[,] the dismissal of the first complaint is res judicata

13

Because the judgment in *Isaly I* was "on the merits" for purposes of CPLR 205(a), the Complaint should be dismissed on statute of limitations grounds. *See Isaly I*, Dkt. 72 and 73.

### C. The Complaint Fails to State a Claim

Wholly apart from *res judicata* and the statute of limitations, the Complaint shares the same fatal flaws on the merits as its predecessor. Rather than burden the Court with unnecessary briefing on issues earlier decided, the Globe respectfully refers the Court to the filings on Defendant's motion to dismiss and the Court's rulings in *Isaly I*.[6]

### CONCLUSION

For the foregoing reasons, the Court should grant the Globe's motion to dismiss the Complaint with prejudice.

---

since no substantively new or different allegations were asserted")[5]; *see also id.* ("Since the second complaint added nothing new of substance to distinguish it from the first, its service was frivolous and supports the award of sanctions."); *Flynn v. Sinclair Oil Corp.*, 20 A.D.2d 636, 636–37, 246 N.Y.S.2d 360, 361, aff'd, 14 N.Y.2d 853, 200 N.E.2d 633 (1964) ("However, except for an added irrelevant allegation concerning continued fuel oil service, plaintiff's complaint is virtually identical to one previously dismissed for failure to state a cause of action. No appeal was taken from that dismissal at Special Term. Accordingly, this second action is barred on the ground of res judicata[.]")

[6] To avoid unnecessary briefing, the Globe also reserves all of its rights under the revised New York anti-SLAPP law, N.Y. Civil Rights Law 76-a (requiring clear and convincing proof of actual malice in cases involving speech on a matter of public interest) and N.Y. Civil Rights Law 70-a ("Actions involving public petition and participation; recovery of damages," providing for recovery of costs and attorneys' fees). *See generally Coleman v. Grand*, No. 18-CV-05663 (ENV) (RLM), 2021 WL 768167, at *7 (E.D.N.Y. Feb. 26, 2021); *Sweigert v. Goodman*, No. 118CV08653VECSDA, 2021 WL 1578097, at *2 (S.D.N.Y. Apr. 22, 2021).. The revised anti-SLAPP law clearly applies to cases like this one that were commenced after its enactment.

| | |
|---|---|
| Dated: New York, New York<br>April 27, 2022 | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>By: _/s/ Kenneth I. Schacter_<br>Kenneth I. Schacter<br>kenneth.schacter@morganlewis.com<br>Elizabeth Buechner<br>elizabeth.buechner@morganlewis.com<br>101 Park Avenue<br>New York, NY  10178-0060<br>+1.212.309.6000<br>+1.212.309.6001<br><br>_/s/ Jonathan M. Albano_<br>Jonathan M. Albano<br>jonathan.albano@morganlewis.com<br>One Federal Street<br>Boston, MA  02110-1726<br>+1.617.341.7700<br>+1.617.341.7701<br>(motion for admission _pro hac vice_ forthcoming)<br><br>_Attorneys for Defendant Boston Globe Media Partners, LLC_ |

15