UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

SAMUEL D.  ISALY,

        Plaintiff,

    -v-                                     No.   22 CV 2254-LTS

BOSTON GLOBE MEDIA PARTNERS,
LLC,

        Defendant.

--------------------------------------------------------x


MEMORANDUM OPINION AND ORDER

On March 2, 2022, Plaintiff Samuel Isaly ("Plaintiff") commenced this

defamation action against Boston Globe Media Partners, LLC ("Defendant" or "Boston Globe")

in New York state court, asserting that Defendant had defamed Plaintiff through statements

contained in an article (the "Article") Defendant published in STAT, an online news website, on

December 5, 2017.  (See docket entry no. 1-1.)  Defendant removed the case to this Court on

March 18, 2022, asserting that the Court has diversity jurisdiction of the dispute.  (See docket

entry no. 1.)

Plaintiff filed an amended complaint on April 27, 2022, asserting claims against

two additional, nondiverse defendants.  (See docket entry no. 19 (the "FAC").)  Before the Court

is Plaintiff's motion to remand this action to state court for lack of diversity jurisdiction and

Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's

FAC for failure to state a claim upon which relief can be granted.

The Court has reviewed all of the parties' submissions carefully and, for the following reasons, denies Plaintiff's motion to remand and grants Defendant's motion to dismiss with prejudice.

BACKGROUND

The Court assumes the parties' familiarity with the procedural history, background, and resolution of an earlier case involving the same Article, Isaly v. Boston Globe Media Partners LLC, No. 18-CV-9620-LTS-GWG ("Isaly I"), that Plaintiff litigated before this Court.  The background set forth below is pertinent to the motion practice before the Court and, to the extent facts are drawn from the FAC, they are taken as true for the purpose of evaluating Defendant's motion to dismiss.

The allegedly defamatory Article recounts reports by former employees of OrbiMed Advisors, LLC ("OrbiMed"), the biotechnology industry hedge fund where Plaintiff formerly served as managing partner, that Plaintiff, from approximately 2009 to 2017, harassed and demeaned female employees at OrbiMed.  (FAC ¶¶ 1, 4, 12-13.)  Plaintiff commenced Isaly I, a defamation action almost identical to the case now before this Court, against Defendant and Damian Garde ("Garde"), the author of the Article, in this federal Court in 2018, invoking the Court's diversity jurisdiction.  Upon learning that the requisite complete diversity could not be achieved with Garde as a defendant, Plaintiff voluntarily dismissed Garde as a defendant in Isaly I and proceeded against Defendant Boston Globe only.  The Court had subject matter jurisdiction of the claims against Defendant Boston Globe in Isaly I based on diversity of citizenship, pursuant to 28 U.S.C. section 1332.  See Isaly v. Boston Globe Media Partners LLC, No. 18-CV-9620-LTS-GWG, 2020 WL 5659430, at *1 (S.D.N.Y. Sept. 23, 2020), aff'd 2022 WL 121283 (2d Cir. Jan. 13, 2022) (hereinafter the "Isaly I Decision").

This Court dismissed Plaintiff's Second Amended Complaint in <u>Isaly I</u> pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted, directing the entry of judgment and closing the case.  <u>Isaly I</u> Decision at *8.  This Court denied Plaintiff's subsequent motion for reconsideration, <u>see</u> <u>Isaly v. Boston Globe Media Partners LLC,</u> No. 18-CV-9620-LTS-GWG, 2021 WL 1947737 (S.D.N.Y. May 13, 2021), and the United States Court of Appeals for the Second Circuit affirmed both of this Court's decisions.  <u>Isaly v. Boston Globe Media Partners LLC</u>, No. 21-CV-1330, 2022 WL 121283 (2d Cir. Jan. 13, 2022).

In November 2018, while <u>Isaly I</u> was pending before this Court, Plaintiff filed a parallel state court action against Garde and Delilah Burke ("Burke"), Plaintiff's former assistant who was named as a source in the Article.  Garde and Burke moved to dismiss Plaintiff's state court complaint pursuant to N.Y. CPLR 3211(a)(7).  On July 11, 2022, the New York Supreme Court granted Garde and Burke's motions to dismiss Plaintiff's state court complaint, finding that this Court's decision granting Boston Globe's motion to dismiss <u>Isaly I</u> had "res judicata and collateral estoppel effect . . . in relation to Garde" and that Plaintiff had failed to state a claim upon which relief could be granted as to Burke.  <u>See</u> <u>Isaly v. Garde</u>, No. 160699/2018, 2022 WL 2669242, at *4-6 (N.Y. Sup. Ct. July 11, 2022).  On December 6, 2022, that same court issued a decision on Plaintiff's motion for reargument, adhering to its July 2022 decision dismissing the state court complaint as against Garde on the alternative ground of insufficiency of the pleading and adhering in part to, vacating in part, and staying its decision as to the claim against Burke pending the New York State Court of Appeals' determination in <u>Gottwald v. Sebert</u>, 2022 NY Slip Op 68019(U) (1st Dep't June 28, 2022), <u>granting lv. to app.</u> 203 A.D.3d 488 (1st Dep't Mar. 10, 2022), on the retroactive applicability of recent amendments to New York's Anti-SLAPP

Law, which were enacted after Plaintiff's state court action had been commenced.  See Isaly v. Burke, No. 160699/2018, 2022 WL 17475676, at *3-4 (N.Y. Sup. Ct. Dec. 6, 2022).

Following the Second Circuit's January 13, 2022 affirmance of this Court's dismissal of Plaintiff's Second Amended Complaint in Isaly I, Plaintiff filed the instant defamation action against Defendant based on the Article in New York state court.  (See docket entry no. 1-1.)  Defendant removed the state court action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441.  (See docket entry no. 1.)

After removal, Plaintiff, invoking the amendment as a matter of course provision of Federal Rule of Civil Procedure 15(a)(1), filed the FAC, naming Garde and Burke as additional defendants.  Garde and Burke, like Plaintiff, are both New York citizens.  On the same day Plaintiff filed the FAC, Plaintiff filed his motion to remand this case back to state court, asserting that the joinder of Garde and Burke destroys this Court's diversity jurisdiction.  (See docket entry no. 22.)  Defendant subsequently filed its motion to dismiss the FAC for failure to state a claim, arguing that the action is barred on res judicata grounds.  (See docket entry no. 43.)

DISCUSSION

Plaintiff's Motion to Remand

As discussed above, Plaintiff has filed an amended complaint, joining two nondiverse defendants, and now moves to remand this case to state court, arguing that this Court lacks subject matter jurisdiction.  It is true that, were the FAC to stand as the operative pleading in this action, complete diversity would be destroyed, the Court would no longer have subject matter jurisdiction, and the Court would be required to remand the matter to state court.  See Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 53 (2d Cir. 2019) ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their

citizenships[,]" meaning that "all plaintiffs . . . be citizens of states diverse from those of all defendants.") (internal quotation marks and citations omitted).

28 U.S.C. section 1447, the federal statute governing proceedings following removal of cases from state court, provides in pertinent part that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003) (quoting 28 U.S.C. § 1447(e)).  The decision as to whether to permit the joinder of the additional parties is "within the sound discretion" of this Court.  Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000).

Plaintiff nonetheless argues that 28 U.S.C. section 1447(e) does not grant this Court discretion to deny joinder because he amended his complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) ("Rule 15(a)(1)").  Plaintiff contends that Section 1447(e) only applies in circumstances when a plaintiff "seeks," or requests the court's permission or leave, to join additional defendants, in contrast to circumstances where parties are joined, or pleadings are amended, "as of right" pursuant to Rule 15(a)(1) and that, in the latter circumstances, an amending plaintiff does not "seek" an amendment but has instead already accomplished the amendment unilaterally and thus can force remand of the removed case.  (See docket entry no. 24 ("Pl. Remand Mem."), at 2-5 (citing McDermott v. CareAllies, Inc., 503 F. Supp. 3d 225, 233 (D.N.J. 2020) and Buffalo State Alumni Ass'n v. Cincinnati Ins. Co., 251 F. Supp. 3d 566, 575 (W.D.N.Y. 2017)).)

Plaintiff acknowledges that his position reflects the perspective of the "apparent minority" of courts that have examined the interplay between Rule 15(a)(1) and Section 1447(e). (Pl. Remand Mem. at 4.)  Although the Second Circuit has not provided direct guidance on this

issue, the majority of federal courts, including those in this District, that have addressed this issue have concluded that Section 1447(e) governs post-removal joinder of non-diverse defendants even when a complaint is amended as of right under Rule 15.  See, e.g., Leifer v. JPMorgan Chase Bank, N.A., No. 18-CV-7477-PGG, 2020 WL 1130727, at *2 (S.D.N.Y. Mar. 9, 2020) ("[A] plaintiff must seek permission from the Court prior to joinder of a defendant who destroys diversity jurisdiction, even where the complaint could otherwise be amended as of right."); Ceesay v. Bronx Park Phase III Pres. LLC, No. 22-CV-390-JPC, 2022 WL 493525, at *1 n.1 (S.D.N.Y. Feb. 17, 2022) (noting that, although "Rule 15(a)(1)(B) allows a plaintiff to amend a complaint within twenty-one days of an answer as a matter of course[,] [u]nder 28 U.S.C. § 1447(e), however, a court may either 'deny joinder' or 'permit joinder and remand'"); Pu v. Russell Publ'g Grp., Ltd., No. 15-CV-3936-VSB, 2015 WL 13344079, at *3 (S.D.N.Y. Dec. 29, 2015) (acknowledging tension between Rule 15(a)(1) and 28 U.S.C. section 1447(e) but joining majority view that section 1447(e) continues to apply "even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A)") (quoting McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009)); accord McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 607 (S.D. Cal. 2014); Summit on Sixth Homeowners Ass'n v. Big Rock Partners, LLC, No. 14-CV-07114-BRO, 2014 WL 12693071, at *2 (C.D. Cal. Nov. 4, 2014); Dillard v. Albertson's, Inc., 226 F.3d 642 (Table), 2000 WL 1029031, at *1 (5th Cir. July 7, 2000); Bevels v. Am. States Ins. Co., 100 F. Supp. 2d 1309, 1312-1313 (M.D. Ala. 2000); Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999).   These courts have reasoned, inter alia, that a plaintiff using Rule 15(a)(1) nonetheless "seeks" to  accomplish a result inconsistent with a defendant's right to remove, and that section 1447(e)'s removal-specific provision for judicial review prevails over the earlier, general amendment provisions of Rule 15(a)(1); they generally

apply Federal Rule of Civil Procedure 20 and a test of fundamental fairness to determine whether the amendment should be permitted to stand and destroy the jurisdictional basis that supported removal in the first instance.

The Court is persuaded by the majority approach to section 1447(e) for several reasons. The Court notes that Plaintiff's reading of the word "seeks" in 28 U.S.C. section 1447(e) is not the only common-sense interpretation of the plain meaning of the statute. The meaning of "seeks" is not necessarily limited to situations in which plaintiffs must ask for leave to amend to join additional parties. Rather, "seeks" can also mean to attempt or "to try to obtain or achieve something." Seek, OXFORD LEARNER'S DICTIONARIES, available at https://www.oxfordlearnersdictionaries.com/us/definition/english/seek?q=seek (last accessed Jan. 9, 2023); accord MERRIAM-WEBSTER DICTIONARY, available at https://www.merriam-webster.com/dictionary/seek (last accessed Jan. 9, 2023); see also docket entry no. 42 at 8 (citing WEBSTER'S II: NEW COLLEGIATE DICTIONARY 999 (1999)). Here, Plaintiff seeks by the amendment to divest the Court of jurisdiction, and the statute provides the Court with discretion, in that situation, to determine whether to permit Plaintiff to accomplish that result. Therefore, the ordinary meaning of the statute's text suggests that Section 1447(e) applies to all situations in which a plaintiff attempts to divest the court of diversity jurisdiction by joining a nondiverse defendant after removal.

Furthermore, section 1447(e) was added to the removal statute in 1988, whereas Rule 15 has remained relatively unchanged since it was originally promulgated in 1937. See generally Fed. R. Civ. P. 15 advisory committee notes (noting lack of substantive changes over time and that December 2009 amendment merely imposed changes to time limits for amendments made as a matter of right). Section 1447(e) addresses the specific situation of post-

removal joinder of non-diverse defendants, whereas Rule 15(a) addresses amendments as of right generally. Because Section 1447(e) is more recent and more specific than Rule 15, in that it applies to post-removal joinder, the canon of statutory interpretation that counsels that the specific governs the general also counsels in favor of a reading that would not give a plaintiff unilateral control over the court's continued ability to exercise diversity jurisdiction. See In re Bernard L. Madoff Inv. Sec. LLC, 12 F.4th 171, 193 (2d Cir. 2021) (explaining the "'well-established canon of statutory interpretation' that 'the specific governs the general[,]'" especially when the more specific statute is more recent) (quoting RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645 (2012) and citing FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 143, (2000)). Judicial review of the potential effect of an amendment of course on a court's jurisdiction provides the court with the ability to cabin gamesmanship, as well. See Kauders v. Uber Techs., Inc., No. 16-CV-11659-FDS, 2017 WL 1652551, at *3 n.2 (D. Mass. May 1, 2017) (explaining that interpreting Rule 15 to allow for joinder of non-diverse defendants as a matter of right "would permit plaintiffs to routinely destroy diversity jurisdiction shortly after removal."); Bevels, 100 F. Supp. 2d at 1313 ("[A]pplying 28 U.S.C. § 1447(e) [to amendments made as of right under Rule 15(a)] is the better approach from a practical standpoint. If the rule were to the contrary . . . a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed.").

The Court further recognizes that Federal Rule of Civil Procedure 21 allows courts to drop a party at any time on just terms. Fed. R. Civ. P. 21. In making determinations pursuant section 1447(e) and Rule 21, courts look to joinder standards under Rule 20 and principles of fundamental fairness. See CP Sols. PTE, Ltd. V. General Electric Co., 553 F.3d 156, 159 (2d Cir. 2009) ("Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse

party at any time to preserve diversity jurisdiction . . . ."); McGee, 684 F. Supp. 2d at 262 (While some courts have resolved the apparent conflict between Rule 15(a)(1)(A) and § 1447(e) by holding that plaintiff's right to amend without leave simply does not apply when the amendment would destroy diversity, . . . this Court finds it unnecessary to consider that view, because the Court can effectively deny joinder under § 1447(e) by exercising its power to drop a party, *sua sponte*, under Rule 21, Federal Rules of Civil Procedure."); Mayes, 198 F.3d at 462 n.11 (noting "district court properly could have invoked its authority, under § 1447(e) and related authority," including Federal Rule of Civil Procedure 21, "to determine whether [the non-diverse defendant] was an appropriate party").[1]

First, the Court must determine whether the parties were properly joined under Federal Rule of Civil Procedure 20.  Duino v. CEM W. Vill., Inc., No. 18-CV-10249, 2020 WL 3249214, at *2 (S.D.N.Y. June 16, 2020) (citing Wyant v. Nat'l R.R. Passenger Corp., 881 F. Supp. 919, 922 (S.D.N.Y. 1995)).  Under Rule 20, defendants may be properly joined in an action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  The joined claims and defendants here satisfy this standard.

---

[1]      Plaintiff here makes an alternative application pursuant to Rule 15(a)(2), which generally governs pleading amendments requiring leave of court, for permission to amend his complaint.  For substantially the reasons set forth above in connection with the Court's analysis of the applicability of Section 1447(e) to amendments as a matter of course, the Court concludes that Section 1447(e), rather than Rule 15(a)(2), provides the relevant standard for evaluation of a proposed amendment that would destroy diversity jurisdiction.

Second, even if Rule 20 is satisfied, courts in this Circuit "permit a joinder which destroys diversity [jurisdiction] only when consistent with principles of fundamental fairness." Nazario, 295 F. Supp. 2d at 363.  To make such a fairness determination, courts consider the following factors: (1) any delay and the reason for delay, (2) prejudice to the defendant, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in seeking joinder.  See Duino, 2020 WL 3249214, at *3 (citing id.).  The Court will examine each factor in turn.

Factor 1: Delay

"Delay in seeking amendment is measured from the date of removal."  Nazario, 295 F. Supp. 2d at 363.  This first factor weighs in Plaintiff's favor, as Plaintiff informed the Court of his intention to seek remand less than two weeks after Defendant removed the case to federal court and also filed the amended complaint and motion for remand within six weeks of removal.  (See docket entries nos. 10, 22.)  Indeed, courts in this District have found much lengthier time periods between removal and the filing of plaintiff's motion for remand to be reasonable.  See, e.g., M.S.S. Const. Corp. v. Century Sur. Co., No. 15-CV-2801-ER, 2015 WL 6516861, at *7 (S.D.N.Y. Oct. 28, 2015) (three months between removal and filing of amended complaint adding nondiverse defendants did not constitute unreasonable delay); Cooper v. Trustees of Coll. of Holy Cross, No. 13-CV-8064-KPF, 2014 WL 2738545, at *8 (S.D.N.Y. June 17, 2014) (two months between removal and motion for remand not unreasonable delay); Hosein v. CDL W. 45th St., LLC, No. 12-CV-06903-LGS, 2013 WL 4780051, at *5 (S.D.N.Y. June 12, 2013) (six months between removal and amendment to pleading adding nondiverse parties excused because plaintiff complied with a court-ordered deadline).  Plaintiff also proffers that the early amendment was consistent with his pre-removal intent to seek to have the state court claim

against Defendant Boston Globe assigned to the state court judge presiding over the state case against Garde and Burke, and ultimately consolidated with that case.

Factor 2: Prejudice to the Defendant

The question of whether Defendant would be prejudiced here were the Court to permit joinder is more challenging, but ultimately weighs slightly in Defendant's favor.  While this case remains in its early stages and the parties have not conducted discovery, Defendant's motion to dismiss this case is currently pending and fully briefed.  Were the case remanded, resolution of the motion to dismiss would be delayed by motion practice regarding the consolidation of the state court cases and by the stay currently applicable to the state case if the actions were consolidated, and the motion might need to be re-briefed.  Given the expenditure of the parties' resources in fully briefing the pending motion to dismiss, and this Court's unique familiarity with the facts and procedural history of this case, remand would potentially result in the inefficient use of both party and judicial resources.  See Pu, 2015 WL 13344079, at *4-5 (finding that remand would prejudice defendants where the matter would "be handled more efficiently [in federal court] than . . . in state court" due to the federal court's prior resolution of a related case).  Therefore, the second factor weighs in favor of Defendant.

Factor 3: The Likelihood of Multiple Litigation

As discussed above, Plaintiff pursued a parallel state-court action in November 2018 against Garde and Burke while Isaly I went forward.  That parallel state-court action against Garde and Burke remained pending when Plaintiff chose to file the instant action against Defendant Boston Globe Media Partners, LLC.  Although Plaintiff claims to have intended all along to have the state court actions consolidated, Plaintiff has repeatedly chosen to pursue his

related claims in multiple actions.  When the risk of multiple litigation is a direct result of a plaintiff's own actions because a plaintiff "opted for multiple litigations from the start," as is the case here, the third factor weighs against joinder and remand.  Linzy v. Uber Techs., Inc., No. 21-CV-5097-ER-SDA, 2022 WL 1556972, at *5 (S.D.N.Y. Apr. 14, 2022), report and recommendation adopted, 2022 WL 1558312 (S.D.N.Y. May 17, 2022); see Lebetkin v. Giray, No. 18-CV-8170-DLC, 2018 WL 5312907, at *3 (S.D.N.Y. Oct. 26, 2018) (denying joinder despite a likelihood of multiple litigation in part because "[a]ny risk of multiple litigation could have been eliminated by joining all defendants in the initial action filed in New York State Court.").  This third factor thus weighs in Defendant's favor.

Factor 4: Plaintiff's Motivation

A plaintiff's motivation for seeking joinder and remand "is the most significant consideration in the fairness analysis."  Hudson EFT, LLC v. Westchester Surplus Lines Ins. Co., No. 20-CV-8603-PAE, 2020 WL 6712203, at *3 (S.D.N.Y. Nov. 16, 2020) (quoting Grant v. Johnson & Johnson, No. 17-CV-3356-GBD, 2017 WL 6812035, at *3 (S.D.N.Y. Dec. 19, 2017)).  A principal desire to destroy the court's basis for diversity jurisdiction is an impermissible motive for seeking joinder and remand after removal to federal court.  Id. at *4.  Based on the Court's examination of the procedural history of this matter, it is difficult to discern a potential motivation for Plaintiff's decision to seek joinder and remand *other* than to avoid being back in federal court—and indeed before the same judge—where his complaint in the Isaly I action was dismissed.[2]

_____

[2]      Plaintiff argues that, because "each of the first three factors" of the fundamental fairness analysis "weigh in favor of remand," Defendant can only prevent remand by showing that Plaintiff's sole motivation for seeking to join the non-diverse defendants is to destroy the Court's jurisdiction.  (Pl. Remand Mem. at 14.)  Because the Court concludes that not all

The record is replete with indicators of Plaintiff's strategic forum selection choices for litigation of his claims.  First, as discussed above, Plaintiff could have avoided this entire scenario by originally litigating all of his claims against Defendant, Garde, and Burke in state court.  Instead, Plaintiff opted to pursue separate actions against the defendants in federal and state court simultaneously—a decision which Plaintiff admits he made to take advantage of the perceived benefits of each forum.  (See docket entry no. 23 ("Lewis Decl.") ¶¶ 26-28); see also Nazario, 295 F. Supp. 2d at 363 ("question[ing] the propriety of belatedly effectuating a result which plaintiff could have reached without waste and circuitousness").  Second, Plaintiff filed the FAC and his motion for remand on the same day, the timing which suggests that the purpose of the proposed amendment joining nondiverse defendants was to divest this Court of jurisdiction.  Mraz v. JPMorgan Chase Bank, N.A., No. 17-CV-6380, 2018 WL 2075427, at *7 (E.D.N.Y. May 3, 2018) (finding that, when a plaintiff files amended complaint and motion for remand contemporaneously, the timing "'all but compel[s]' the inference 'that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction'") (quoting McGee, 684 F. Supp. 2d at 264)).  Indeed, the FAC explicitly asserts that the joinder of the two new defendants defeats diversity jurisdiction and requires remand.  (FAC ¶ 11.)

Plaintiff presents two main arguments in support of his assertion that he has legitimate motivations for seeking joinder, neither of which the Court finds persuasive.  First, Plaintiff argues that he wishes to proceed against all defendants in the same forum, which must be state court due to the lack of complete diversity amongst the parties.  As discussed above, however, Plaintiff could have achieved this goal by initially pursuing one consolidated action

---

of the first three fairness factors weigh in favor of remand, the Court need not determine whether destroying diversity jurisdiction is Plaintiff's sole motive.

against Defendant, Garde, and Burke in state court, but instead chose to pursue separate

defamation actions in federal and state court.  Plaintiff's newfound motivation, arising only after

this Court dismissed his prior federal defamation claim in Isaly I, supports the Court's inference

that Plaintiff is engaging in gamesmanship to litigate in a forum he believes may be more

favorable to his claim.[3]

       Plaintiff, believing that the New York state court will apply a different standard

than a federal court in determining whether the Isaly I Decision creates a res judicata bar to his

claims in this action against Defendant Boston Globe, states that he wishes to force remand to

"avail himself of the benefits of [New York's] different application of the *res judicata* doctrine."

(See Lewis Decl. ¶¶ 21-22.)  However, the substantive res judicata law of the state wherein the

federal court sits determines the preclusive effect of the previous dismissal, so this Court must

apply New York law in determining the issue of res judicata.  See Algonquin Power Income

Fund v. Christine Falls of N.Y., Inc., 362 F. App'x 151, 154 (2d Cir. 2010) ("Because the

decision claimed to have preclusive effect was rendered by a district court sitting in diversity, we

apply the preclusion law 'that would be applied by state courts in [New York], the state in which

the federal diversity court sits.'") (citation omitted); Lipman v. Rodenbach, 852 F. App'x 578,

580 (2d Cir. 2021) (same); Paramount Pictures Corp. v. Allianz Risk Transfer AG, 31 N.Y.3d

---

[3]      Plaintiff argues that he decided to originally pursue his defamation claim against
Defendant in federal court, in lieu of bringing a consolidated state court action, because
he was concerned about the potential retroactive effect of New York's then-proposed
anti-SLAPP law, and the implications such retroactive effect would have had on his
claim.  (See Lewis Decl. ¶¶ 26-30.)  Plaintiff's post-hoc rationalization does not
convince the Court that he is not currently seeking simply to defeat diversity
jurisdiction.  In 2018, Plaintiff chose to litigate his claims separately in order to take
advantage of the forum that he perceived would be more favorable to his claims.
Plaintiff's explanations of his litigation tactics up to this point only reinforce that forum
selection—both then and now—is his primary motivation.

64, 69 (2018); <u>Semtek Int'l Inc. v. Lockheed Martin Corp.</u>, 531 U.S. 497, 508-509 (2001); (<u>see also</u> docket entry no. 51 ("Pl. Opp.") at 5-6.)  Because Plaintiff would experience the benefit of application of his preferred body of law in both federal and state court, the Court is compelled to draw the inference that Plaintiff's true motivation is not to avail himself of state law, but instead to avoid adjudication in the forum that dismissed the <u>Isaly I</u> action.  The Court concludes that the fourth factor strongly weighs in favor of Defendant.

Upon consideration of the four fundamental fairness factors, the Court finds that the first factor weighs in favor of Plaintiff, the second and third factors weigh in favor of Defendant, and the fourth, and most important, factor weighs strongly in favor of Defendant.  On balance, the principles of fundamental fairness do not support Plaintiff's proposed joinder and remand.  As such, the Court will not permit the joinder of Garde and Burke.  The Court exercises its authority to strike Garde and Burke – the non-diverse parties – from the FAC, and denies Plaintiff's motion to remand the action.  The Court will now address Defendant Boston Globe's motion to dismiss the complaint.

<u>Defendant's Motion to Dismiss</u>

When evaluating a motion to dismiss a complaint under Rule 12(b)(6), the Court accepts as true all factual allegations within the complaint and draws all reasonable inferences in favor of the plaintiff.  <u>See</u> <u>Harris v. Mills</u>, 572 F.3d 66, 71 (2d Cir. 2009).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  A complaint is insufficient when it

contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Id. The Isaly I Decision dismissed Plaintiff's Second Amended Complaint against Defendant Boston Globe in that action as insufficiently pled.

Defendant argues that Plaintiff's amended complaint is barred on res judicata grounds. (See docket entry no. 44 ("Def's Dismissal Mem.") at 10.) A defendant may properly raise a res judicata challenge to a complaint on a motion to dismiss. See, e.g., Thompson v. Cnty. of Franklin, 15 F.3d 245, 253 (2d Cir. 1994) ("Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

As noted above, because the Court is reviewing the preclusive effect of a decision rendered by a federal court sitting in diversity jurisdiction, the law of the forum (here, New York) supplies the applicable legal standard. See Lipman, 852 F. App'x at 580 (citing Semtek, 531 U.S. at 508).[4] "In New York, res judicata, or claim preclusion, bars successive litigation based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." Id. (quoting People ex rel. Spitzer v. Applied Card Sys., Inc., 894 N.E.2d 1, 12 (2008)). This case involves the same parties as the previous federal action and claims arising from the same occurrence, namely the publication of the Article describing Plaintiff's alleged harassment of

---

[4]     Defendant argued that federal law applies to the analysis of the preclusive effect of this Court's earlier decision, and that, under Federal Rule of Civil Procedure 41(b), this Court's dismissal of Plaintiff's Second Amended Complaint in Isaly I was presumptively on the merits and has a preclusive effect. (See Def's Dismissal Mem. at 10-11.) Defendant is correct that Rule 41(b) renders that federal court's dismissal under Rule 12(b)(6) presumptively one on the merits but, because New York law applies, Rule 41(b) does not resolve the issue before the Court.

female employees at OrbiMed and whether the content of the Article was defamatory.  The

primary dispute between the parties here, however, is whether this Court's <u>Isaly I</u> Decision

dismissing Plaintiff's Second Amended Complaint for failure to state a claim constitutes a

"judgment on the merits."

Under New York law, dismissals for failure to state a claim are presumptively <u>not</u>

on the merits.  <u>See</u> NY CPLR § 5013 ("A judgment dismissing a cause of action before the close

of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise[.]");

<u>Pereira v. St. Joseph's Cemetery</u>, 78 A.D.3d 1141, 1142 (2d Dep't 2010) ("As a general rule, a

dismissal for failure to state a cause of action is not on the merits and, thus, will not be given res

judicata effect.") (citations omitted).  Two exceptions to that presumption do exist, however: a

dismissal on the pleadings is on the merits if the prior court "intended . . . to bring the action to a

final conclusion[,]" <u>Howard Carr Cos. v. Cumberland Farms, Inc.</u>, 833 F. App'x 922, 923 (2d

Cir. 2021) (quoting <u>Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp.</u>, 93 N.Y.2d 375,

380 (1999)), or if the new complaint "fails to correct the defect or supply the omission

determined to exist in the earlier complaint."  <u>Park Slope Auto Ctr., Inc. v. Papa</u>, 190 A.D.3d

754, 756 (2d Dep't 2021).  The Court concludes that both exceptions apply in this instance, and

thus this Court's prior dismissal was therefore on the merits and suffices to support dismissal of

the instant complaint on the basis of res judicata.

First, in dismissing Plaintiff's Second Amended Complaint in <u>Isaly I</u>, this Court

intended to bring that action to a conclusion.  Defendant filed its motion to dismiss the <u>Isaly I</u>

action with prejudice, which this Court granted.  While this Court did not explicitly state that its

prior decision was "on the merits" or "with prejudice[,]" the presence of such labels is not

dispositive.  <u>See</u> <u>Howard Carr Companies</u>, 833 F. App'x at 923 ("[T]he New York Court of

Appeals has held that 'CPLR 5013 does not require that the prior judgment contain the precise words 'on the merits' in order to be given [claim-preclusive] effect; it suffices that it appears from the judgment that the dismissal was on the merits.'") (alteration in original) (quoting Strange v. Montefiore Hosp. & Med. Ctr., 59 N.Y.2d 737, 739 (1983)).  This Court also instructed the Clerk of the Court to enter judgment and "close this case[,]" indicating the finality of its decision.  Isaly I Decision at *8.  Under the applicable federal dismissal rule, it was by definition a dismissal on the merits unless the dismissal order stated otherwise, which the order did not do.  See Federal Rule of Civil Procedure 41(b).

Moreover, in the Isaly I Decision, this Court dismissed Plaintiff's Second Amended Complaint after thorough examination of Plaintiff's allegations and application of the legal rules governing the elements of a defamation claim.  See Isaly I Decision, at *5-7 (evaluating sufficiency of allegations as to fault element of defamation claim).  The Court concluded that dismissal was warranted because Plaintiff's allegations were inadequate to plead gross irresponsibility, or in other words, for the Court to infer that Defendant's reporter acted in a grossly irresponsible manner in gathering and disseminating the information published in the Article.  Id.  Because dismissal was deemed warranted based on the insufficiency of Plaintiff's allegations to state a claim, rather than a technical deficiency in the pleading, the Court's Isaly I decision was on the merits and is entitled to preclusive effect.  See Feigen v. Advance Cap. Mgmt. Corp., 146 A.D.2d 556, 558-59 (1st Dep't 1989) (explaining plaintiffs were "precluded by res judicata" from repleading their claims where the court previously "concluded that plaintiffs could not assert viable claims . . . arising out of the facts and transactions set forth in the original complaint"); Lampert v. Ambassador Factors Corp., 266 A.D.2d 124, 124 (1st Dep't

1999) (finding court's decision dismissing fraud action due to absence of necessary allegations was "manifestly on the merits" and not "merely for a technical pleading defect").

Furthermore, Plaintiff's FAC does not correct the defects for which this Court dismissed his Second Amended Complaint in Isaly I.  As discussed above, this Court dismissed Plaintiff's claim in Isaly I for failing to "allege[] facts from which a fact finder could properly infer that Defendant was grossly irresponsible in its reporting."  Isaly I Decision at *7.  Plaintiff brings the same claim of gross irresponsibility here, relying on virtually identical allegations, but now adds conclusory assertions, similar to legal arguments made in connection with Isaly I, regarding how the Article would have been perceived by readers and the inferences that Defendant's reporter should have drawn from information that the reporter had received about the nature and impact of Plaintiff's disability.  The Court need not and does not accept as true Plaintiff's conclusory allegations that the Article has an exclusive, false, and defamatory meaning.  See Iqbal, 556 U.S. at 678-79 (explaining that courts need not assume that legal conclusions  or "'naked assertion[s]' devoid of 'further factual enhancement'" are true) (citations omitted).[5]

Plaintiff has had multiple opportunities to plead specific facts to plausibly allege that Defendant was grossly irresponsible in publishing the Article.  In both instances before this Court, he has failed to do so, and as such his current complaint is barred by res judicata.  Having

---

[5]    Plaintiff also now alleges "on information and belief" that Burke never actually made several of the statements attributed to her in the Article.  No new factual allegations are proffered in support of these naked assertions, which are also inconsistent with allegations in the state court lawsuit with which Plaintiff purportedly wishes to consolidate this case.

decided that Plaintiff's claims are precluded by this Court's prior decision, the Court need not

reach the alternative arguments Defendant has raised in support of its motion to dismiss.

CONCLUSION

For the foregoing reasons, the Court exercises its authority to strike Garde and

Burke from the First Amended Complaint, and Plaintiff's motion for remand is denied in its

entirety.  Defendant Boston Globe's motion to dismiss the First Amended Complaint is granted,

with prejudice.

The Clerk of Court is requested to enter judgment accordingly and close this case.

This Memorandum Opinion and Order resolves docket entry nos. 22 and 43.

SO ORDERED.

Dated: New York, New York
       January 10, 2023

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge